## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-20-234-G** |
| | ) | |
| **SHAORONG LIU,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Now before the Court is Defendant Shaorong Liu's pro se Motion for Sentence Reduction (Doc. Nos. 245, 246),[1] seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines ("USSG").[2] The Government has filed a Response (Doc. No. 247), arguing that Defendant received the benefit of the Amendment at his initial sentencing, and the United States Probation Office has submitted a Preliminary Report (Doc. No. 244), stating the same. Defendant has submitted a Reply (Doc. No. 249). The matter is now at issue.

*I.     Background*

On April 21, 2021, following Defendant's conviction on one criminal count, the Court held a sentencing hearing in this matter. The Presentence Report ("PSR," Doc. No. 185) found that, under the United States Sentencing Guidelines, the total offense level for

---

[1] Defendant has filed two identical copies of his Motion for a Sentence Reduction. *See* Doc. Nos. 245, 246.

[2] Assistant Federal Public Defender Laura Deskin had previously entered an appearance on behalf of Defendant. *See* Doc. No. 243.

the conduct at issue was 19, Defendant's criminal history category was I, and the resulting recommended range of imprisonment was 30 to 37 months. *See id.* ¶ 125. The Court adopted the PSR with a change that did not affect the guideline range. *See* SOR (Doc. No. 209) at 1. The Court further "acknowledged that the defendant would meet the criteria to be eligible for a two-level guideline reduction pursuant to the proposed amendment [of Amendment 821] to USSG §4C1.1 and varied below the calculated guidelines to account for the anticipated adjustment." *Id.* at 4. Applying this downward variance, the Court sentenced Defendant to 27 months' imprisonment. *See id.*; Am. J. (Doc. No. 224).

## II. Standard of Review

A federal court generally may not alter a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2), however, as Congress has authorized the reduction of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its

discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

    III.   *Discussion*

    Defendant seeks a sentence reduction pursuant to Part B, Subpart 1 of Amendment 821 to the USSG. *See* Def.'s Mot. (Doc. Nos. 245, 246) at 1. Amendment 821 took effect on November 1, 2023, and applies retroactively. *See* USSG, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited June 24, 2024); USSG § 1B1.10(d).

    Part B, Subpart 1 of Amendment 821 applies to defendants with zero criminal history points who meet ten specified criteria and works to reduce the guideline range for those defendants by two offense levels. *See* USSG § 4C1.1 (eff. Nov. 1, 2023). As noted at sentencing, Defendant has zero criminal history points and meets all the criteria listed in USSG § 4C1.1. *See* SOR at 4. Accordingly, Amendment 821 reduces Defendant's offense level from offense level 19 to offense level 17, resulting in a new recommended guideline range of 24 to 30 months' imprisonment and making Defendant eligible for a sentence reduction. *See* Gov't's Resp. (Doc. No. 247) at 4. As previously explained, however, the Court—in part to account for this exact reduction—varied below the then-applicable guideline range and sentenced Defendant to 27 months' imprisonment. *See* SOR at 4.[3]

---

[3] In his Reply, Defendant argues that he is entitled to have his sentence reduced to 21 months' imprisonment, which is the bottom of the guideline range for a defendant with a criminal history category of I and a total offense level of 16. *See* Def.'s Reply (Doc. No. 249) at 2-3; USSG ch. 5, pt. A. But Amendment 821 does not mandate a sentence at the bottom of the revised guideline range. As explained at the sentencing hearing, Defendant's 27-month sentence was based on the Court's consideration of the guideline range that

Accordingly, because Defendant received the benefit of Amendment 821 at sentencing, a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is not warranted. *See Dillon*, 560 U.S. at 827.

CONCLUSION

For the reasons explained above, Defendant Shaorong Liu's Motion for Sentence Reduction (Doc. Nos. 245, 246) is DENIED. Assistant Federal Public Defender Laura Deskin is hereby authorized to seek withdrawal from this case as contemplated by General Order No. 23-6.

IT IS SO ORDERED this 26th day of June, 2024.

CHARLES B. GOODWIN
United States District Judge

---

would apply after adoption of Amendment 821 as well as the Court's independent examination of the factors in 18 U.S.C. § 3553. *See* SOR at 4.